UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN THOMPSON, SR., | No. 2:13-cv-1951 CKD P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT R. JONES, et al., | |
| Defendants. | |

Plaintiff is a Sacramento County Jail prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3  The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15 In order to avoid dismissal for failure to state a claim a complaint must contain more than
16 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
20 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
21 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
23 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
24 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
25 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
26 U.S. 232, 236 (1974).

27 The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails
28 to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure

adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff complains about the deprivation of personal property. Plaintiff is informed that an unauthorized intentional deprivation of property by a state employee generally does not rise to the level of a Constitutional violation. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff also complains that mail he calls "legal mail" is being read by correctional officers. Plaintiff is informed that he has a right to a degree of confidentiality with respect to communications with an attorney representing him. He does not have a right, as he suggests, to confidentiality with respect to all documents which are simply legal in nature (e.g. orders from this court which are a matter of public record). To the extent plaintiff believes his First Amendment right to free speech was violated by correctional officers limiting plaintiff's ability to correspond, plaintiff must identify with whom he attempted to correspond, the nature of the correspondence, who denied plaintiff the ability to correspond and the reasons given for denying correspondence.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

1   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
2   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
3   longer serves any function in the case.  Therefore, in an amended complaint, as in an original
4   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5         The court notes that plaintiff has filed a motion for a temporary restraining order with his
6   complaint.  In light of the fact that plaintiff's complaint is being dismissed and that no defendant
7   has appeared in this action, plaintiff's motion will be denied without prejudice to renewal if the
8   court orders plaintiff's amended complaint is appropriate for service of process and after a
9   defendant appears.

10        Plaintiff has also filed a motion asking that the court order the Sacramento County Sheriff
11  to provide plaintiff with one hour of access to the jail law library per week.  Plaintiff has not
12  adequately explained why he requires such access at this stage in his case.  Therefore, his motion
13  will be denied.  Plaintiff may renew his motion if plaintiff feels unable to draft an amended
14  complaint because of lack of access to relevant legal materials.

15        In accordance with the above, IT IS HEREBY ORDERED that:

16        1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

17        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
18  shall be collected and paid in accordance with this court's contemporaneous order to the
19  Sacramento County Sheriff.

20        3. Plaintiff's complaint is dismissed.

21        4. Plaintiff is granted thirty days from the date of service of this order to file an amended
22  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
23  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
24  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
25  two copies of the amended complaint; failure to file an amended complaint in accordance with
26  this order will result in a recommendation that this action be dismissed.

27  /////
28  /////

5. Plaintiff's motion for a temporary restraining order (ECF No. 4) is denied.

6. Plaintiff's "Motion Requesting Order For Law Library Access . . ." (ECF No. 3) is denied.

Dated:  October 1, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom1951.14